IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv300

| | |
|---|---|
| TERESA ROBBINS SMITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, Commissioner )<br>of Social Security, )<br>)<br>Defendant. )<br>_____ ) | MEMORANDUM AND<br>RECOMMENDATION |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for social security disability benefits. This case came before the Court on the administrative record and the parties' Motions for Summary Judgment [# 8 & # 9]. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 9] and **AFFIRM** the Commissioner's decision.

I.  **Procedural History**

Plaintiff filed an application for disability benefits on July 21, 2008. (Transcript of Administrative Record ("T.") 159-61.) Plaintiff alleged that she

-1-

became disabled beginning January 3, 2007. (T. 159.) The Social Security Administration denied Plaintiff's claim, finding that she was not disabled. (T. 132-35.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 141-48.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 77-129.) The ALJ then issued a decision finding that Plaintiff was not disabled. (T. 11-20.) Subsequently, the Appeals Council denied Plaintiff's request for review of the decision. (T. 1-3.) Plaintiff then timely brought this action seeking review of the Commissioner's decision.

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits her ability to perform basic work-related

functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform her past relevant work; (5) whether the claimant is able to perform any other work considering her age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III. The ALJ's Decision

In his November 9, 2010, decision the ALJ found that Plaintiff was not disabled under Sections 216(i) and 223(d) of the Social Security Act. (T. 20.) The ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2012.

(2) The claimant has not engaged in substantial gainful activity since December 15, 2007, the amended alleged onset date (CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

(3) The claimant has the following severe impairment: polyarthralgia with features of fibromyalgia, migraine headaches, depression, anxiety (20 CFR 404.1520(c) and 416.920(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed

impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

(5) After careful consideration of the entire record, I find that the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). Specifically, the claimant can stand, walk and sit 6 hours, each, of an 8 hour workday. The claimant can lift and carry 10 pounds frequently and 20 pounds occasionally. The claimant can occasionally climb and balance. The claimant can frequently stoop, kneel, crouch, and crawl. The claimant must avoid concentrated exposure to hazards. The claimant can understand and follow simple instructions. The claimant can maintain attention and concentration to perform simply, routine, repetitive tasks. The claimant can interact with others and take instructions from supervisors. The claimant can adjust to simple routine changes all for extended periods of about 2 hours in an 8 hour day.

(6) The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

(7) The claimant was born on July 19, 1961 and was 45 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. (20 CFR 404.1563 and 416.963).

(8) The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

(9) Transferability of job skills is not material to the determination of disability because applying the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

(10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in

significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a), 416.969, and 416.969(a)).

(11) The claimant has not been under a disability, as defined in the Social Security Act, from December 15, 2007, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(T.13-20.)

### VI. Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the

Commissioner's decision that she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

V.    Analysis[1]

A.    **The ALJ did not Err in Weighing the Opinion Evidence of Plaintiff's Treating Physician**

Plaintiff contends that the Court should remand this case because the ALJ erred by failing to accord the proper weight to the opinion of Dr. George Kim, Plaintiff's treating physician. In addition, Plaintiff contends that the ALJ failed to provide a specific rationale for rejecting the opinion of Dr. Kim.

In evaluating and weighing medical opinions, the ALJ considers: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d, 653 (4th Cir. 2005); see also 20 C.F.R. § 404.1527. The ALJ, however, will give a treating source's opinion "controlling weight" where it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

substantial evidence in your case record . . . ." 20 C.F.R. § 404.1527(d)(2); Mastro, 270 F.3d at 178.  As the Fourth Circuit explained in Mastro:

> Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence. See Hunter, 993 F.2d at 35.

Mastro, 270 F.3d at 178.

Statements by medical sources that a patient is disabled, unable to work, or meets the listing requirements are not medical issues, but are administrative findings reserved for the Commissioner. SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996). Because they are administrative findings, "treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance." Id.

As an initial matter, Dr. Kim's conclusion that Plaintiff was medically disabled (T. 507, 1057) is a finding reserved for the Commissioner and is not entitled to controlling weight. See Id. In addition, upon a review of the decision of the ALJ and the entire record in this case, the Court finds that the ALJ did not err in his treatment of the opinion of Dr. Kim. The ALJ determined that the Dr. Kim's assessments in 14F and 31F were not entitled to much weight. (T. 18.) In contrast to Plaintiff's contention to the contrary, the ALJ provided a specific and detailed

discussion of why he was not giving controlling weight to the opinions of Dr. Kim. (T. 16-19.) Moreover, the ALJ's determination that these assessments were not entitled to much weight is supported by substantial evidence in the record. As the ALJ noted, the assessments of Dr. Kim were based on Plaintiff's subjective complaints of pain, not objective medical complaints. (T. 506, 1056.) The ALJ then determined that the opinion of Dr. Kim was not consistent with the medical treatment records, the objective medical findings, or Plaintiff's activities of daily living, all of which the ALJ discussed at length. (T. 16-19.) Where, as here, the opinion of a treating source physician is inconsistent with the substantial evidence in the record, the ALJ is entitled to assign less than controlling weight to that opinion. Mastro, 270 F.3d at 178. Accordingly, the Court finds that the ALJ did not err in assigning little weight to Dr. Kim's assessments.

**B.     The ALJ's RFC Determination is Supported by Substantial Evidence in the Record and the ALJ did not Err in Asking a Hypothetical Question to the Vocational Expert**

Next, Plaintiff contends that the ALJ erred by relying on a hypothetical question to the vocational expert that failed to incorporate all of her mental and physical impairments. Plaintiff's conclusory argument, however, fails to point out what actual impairments the ALJ failed to include in the hypothetical question or why the hypothetical was incomplete. Moreover, although Plaintiff's argument

regarding the hypothetical question to the vocational expert implies that the ALJ erred in determining Plaintiff's RFC, Plaintiff has not offered any argument supporting such a contention. Despite the deficiencies of Plaintiff's legal arguments, the Court will address Plaintiff's contentions.

Residual functional capacity is an administrative assessment made by the Commissioner as to what a claimant can still do despite his or her physical or mental limitations. SSR 96-8p, 1996 WL 374184 (Jul. 2, 1996); 20 C.F.R. § 404.1546(c); 404.946(c). In assessing a claimant's residual functional capacity, the ALJ will consider all of the claimant's medically determinable impairments, including those that are not severe. 20 C.F.R. § 404.1545(a)(2). The residual functional capacity assessment is based on all the relevant medical and other evidence in the record. 20 C.F.R. § 404.1545(a)(3). In determining a claimant's residual functional capacity, the ALJ must identify the claimant's functional limitations or restrictions and assess the claimant's work-related abilities on a function-by-function basis. SSR 96-8p. The ALJ's assessment must include a narrative discussion detailing how the evidence in the record supports his or her conclusion. SSR 96-8p.

The ALJ found that:

the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). Specifically, the

claimant can stand, walk and sit 6 hours, each, of an 8 hour workday. The claimant can lift and carry 10 pounds frequently and 20 pounds occasionally. The claimant can occasionally climb and balance. The claimant can frequently stoop, kneel, crouch, and crawl. The claimant must avoid concentrated exposure to hazards. The claimant can understand and follow simple instructions. The claimant can maintain attention and concentration to perform simply, routine, repetitive tasks. The claimant can interact with others and take instructions from supervisors. The claimant can adjust to simple routine changes all for extended periods of about 2 hours in an 8 hour day.

(T. 15-16.) Upon a review of the evidence in the record, the Court finds that the ALJ's RFC is supported by substantial evidence in the record.[2] The objective medical evidence in the record, which the ALJ discussed in detail in making the RFC determination, supports the conclusion that Plaintiff can perform light work.[3] (T. 17-18.) Plaintiff has a normal gait and station (see e.g., T. 301, 305, 312, 378, 381, 486), full range of motion in her arms and legs (T. 301, 386), can balance on her heels and toes (T. 335), has no difficulty heel to toe walking or tandem walking (T. 335 986), and has normal sensations, strength, reflexes, and non-tender extremities (see e.g., T. 305, 312, 490, 497, 630). In addition, the Plaintiff's activities of daily living and the opinions of the state agency physician further support the ALJ's RFC determination. (T. 17, 392-99.)

---

[2] In her Motion for Summary Judgment, Plaintiff fails to indicate how the ALJ's RFC determination is not supported by substantial evidence in the record.

[3] Plaintiff does not challenge the ALJ's credibility determination as to Plaintiff's subject complaints of pain.

Similarly, the ALJ's determination that Plaintiff can understand and follow simple instructions, maintain attention and concentration to perform simple, routine, repetitive tasks, interact with others and take instructions from supervisors, and can adjust to simple routine changes all for extended periods of about 2 hours in an 8 hour day are also all supported by substantial evidence in the record.

Finally, the Court finds that the ALJ's hypothetical question to the vocational expert was proper. "The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there is work available in the national economy which [a] particular claimant can perform." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). Not only must the opinion of the vocational expert be based on all the evidence in the record, but "it must be in response to proper hypothetical questions which fairly set out all the claimant's impairments." Id.; Hines, 453 F.3d at 566; Riley v. Chater, 57 F. App'x 1067 (4th Cir. 1995) (unpublished). Here, the ALJ asked the vocational expert a hypothetical that fairly set out each of the Plaintiff's impairments that the ALJ found to be credible and supported by the evidence in the record. (T. 122-124.) This is all that is required of the ALJ. Accordingly, the Court finds that remand is not required in this case based on the ALJ's RFC determination or the hypothetical questions he asked the vocational expert.

### C. The ALJ Properly Considered the Side Effects of Plaintiff's Medications

Finally, Plaintiff contends that the ALJ erred by not addressing the side effects of Plaintiff's medications and how these side effects impacted her ability to work. Specifically, Plaintiff contends that the ALJ failed to comply with SSR 96-7p, SSR 96-8p, and 20 C.F.R. § 404.1529(c)(3)(iv). Plaintiff, however, fails to specify what side effects she suffered and how those side effects limited her ability to work.

The provision relied upon by Plaintiff requires that the ALJ consider the "[t]he type, dosage, effectiveness, and side effects of any medication [a claimant] take[s] or has taken to alleviate [the claimant's] pain or other symptoms," 20 CFR § 404.1529(c)(3)(iv), when evaluating the intensity and persistence of a claimant's symptoms and when determining the extend to which the claimant's symptoms limit his or her capacity to work, 20 CFR§ 404.1529(c). Similarly, SSR 96-7p requires the ALJ to consider the side effects of any medication an individual takes to alleviate pain or other symptoms in assessing the credibility of the claimant's statements about pain or other symptoms and their functional effects. SSR 96-7p, 1996 WL 374186, at *3 (Jul. 2, 1996). Finally, SSR 96-8p requires the ALJ consider all the evidence in the record when making a RFC determination, including the side effects of medications the claimant is taking. SSR 96-8p, 1996

WL 374184, at *3 (Jul. 2, 1996).

As a threshold matter, the ALJ's decision expressly states that he considered all adverse side effects of the medications that Plaintiff was taking in making his RFC determination and evaluating the Plaintiff's claims as to the scope of her pain and symptoms. (T. 16.) While the decision does not specifically set forth every medication that Plaintiff was taking and separately address all the side effects, Plaintiff has not provided the Court with any authority that the failure to do so requires remand. In fact, at least one Court in this Circuit has reached the opposite conclusion. See Hancock v. Astrue, No. 1:09cv87, 2012 WL 1267888 (M.D.N.C. Apr. 16, 2012). Moreover, a review of the record does not reflect that any further discussion was warranted or that Plaintiff's ability to work was impeded by the side effects of her medications. In her disability report, Plaintiff indicated that she had no side effects from her current medications. (T. 190.) Although the record does reflect that Plaintiff changed or discontinued some medications due to the side effects or over concerns about potential side effects (T. 337, 381, 387, 548), there is nothing in the record suggesting that the side effects of Plaintiff's medications limited her capacity to work beyond the limitations imposed by the ALJ in his RFC determination. Accordingly, the Court finds that remand is not required based on the ALJ's alleged failure to consider the side effects of Plaintiff's medications.

## VI. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 9], **DENY** the Plaintiff's Motion for Summary Judgment [# 8], and **AFFIRM** the Commissioner's decision.

Signed: June 29, 2012

_____
Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).